■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN WILLIAMS, Also Known as DARREN FLOWERS, Appellant. [639 NYS2d 456]

On April 7, 1992, police officers, after a high-speed chase, stopped the vehicle in which the defendant was a back-seat passenger and observed a clear plastic bag between the defendant's feet which appeared to contain cocaine. The defendant and the two codefendants were removed from the car and arrested.

Contrary to the defendant's contention, the Supreme Court was not obligated to inquire further after it held a lengthy colloquy to ascertain the reason for the defendant's request for new counsel. It is well settled that court-appointed counsel will not be removed except for good cause shown *(see, People v*

*Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Outlaw,* 184 AD2d 665). The complaint by the defendant that he and his appointed attorney had differences over trial tactics did not amount to good cause to require the court to assign different counsel to the defendant *(see, People v Medina,* 44 NY2d 199, 208-209). The trial court, in refusing to grant the defendant's application, acted within the parameters of its discretion *(see, People v Medina, supra,* at 209).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.